UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARTA JO HIESHETTER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:19-cv-725 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| BRITTIAN AMANN, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DENYING EMERGENCY MEDICAL MOTION

Marta Jo Hieshetter alleges she is being held against her will at Sunrise Living Center. As part of this lawsuit she seeks an order allowing her to seek a second medical opinion and cancer treatment, among other things. Hieshetter has been granted *in forma pauperis* status and is proceeding without the benefit of counsel.

The Court considers the document titled "Medical Emergency Motion" to be a motion for a temporary restraining order (TRO). (ECF No. 3.) This Court must liberally construe the pleadings and other filings of pro se parties. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).

Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must

establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

At this point, Hieshetter is not entitled to a temporary restraining order. She has not met the procedural requirements necessary to invoke this Court's authority under Rule 65. The "stringent restrictions" on TROs "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and opportunity to be heard has been granted [to] both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). The United States Supreme Court has cautioned that the lenity afforded to pro se parties does not relieve them of the obligation to follow the procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *see, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance.").

Accordingly, the medical emergency motion (temporary restraining order) (ECF No. 3) is **DENIED. IT IS SO ORDERED.**

Date: September 18, 2019                                              /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge